Good afternoon. May it please the Court. My name is Eitan Kasteljanich. I am representing Gail Craig in this appeal. As you know, in Craig's merits appeal to this Court, this Court held that the ALJ had improperly rejected the opinions of two examining psychologists, Dr. Wheeler and Dr. Krueger. And this Court then reversed the ALJ's decision and remanded Craig's claim for a new hearing. And this Court ordered that on remand, the ALJ was required to credit the opinions of Dr. Wheeler and Dr. Krueger that had been improperly rejected. Now, the issue before the Court today in this EJIA appeal is whether the district court abused its discretion in denying Craig's motion for EJIA attorney's fees. Can I ask a question? How does this fee issue end up before the district court? Ordinarily, in these Social Security appeals, they come to us. I think the fee issues do. It's a — you can — in the Ninth Circuit, you can file in either court. And I have had mixed results in both. I know at one point I filed in the Ninth Circuit, and it went through very quickly and easily. So the next case I filed, I filed in the Ninth Circuit, and it was denied in a one-word decision, denied. So in other words, this was your choice. So it was my choice. And it's also a little bit easier generally. I mean, there's something very peculiar about it, because the — when we are reversing the — as you point out, we are almost always going to be reversing the district court. And then to go ask the district court whether you were substantially justified, whether the government was substantially justified when he ruled in their favor, that's very unusual for a district judge to do. Not impossible, but unusual. It feels like a slight leap of faith. But we actually have fairly good faith in the integrity of our judges. I trust them to do the right thing. Of course we have faith in the integrity of the judges. It's still not usual. I haven't seen it before in my cases. Okay. So why did the district court — I have — oh, I'm sorry. Go ahead. I was just going to say — Go ahead, Judge Graber. I had a — I have sort of an overarching concern that you may not be able to help with. We have at least one EJIC case in the asylum context in which we have said that the case should be treated as a whole and not look at each particular issue. Yet in the Social Security context, we have cases that say that you're only supposed to look at the issue that resulted in the reversal. And in this case, there were two major issues. The government won on one of them, and you won on one of them, but not outright as a grant of benefits. And is there a way in your mind to reconcile these conflicting lines of authority? I mean, the fact that one arises in asylum and one arises in Social Security is a question that I'm not sure why it should matter to that question of sort of either looking at the case as a whole or not. Well, in the Social Security sphere, these are very fact-intensive cases and getting more so. The files just keep getting bigger. And the issues tend to be the same, and yet there's variance. They get broader and broader. Very often, almost every case is going to have an issue of defending the claimant's – it's not credibility anymore, but defending the integrity of their testimony. And you have to raise that as an issue because if you don't raise that as an issue in district court, I have seen district court judges say, well, you're not even defending their testimony. But I guess the consensual problem that I'm having is suppose you've raised ten issues and nine of them the government is correct and the decision originally was correct and the district court was correct about nine out of ten things, and yet our cases seem to say that that tenth thing, even if it doesn't result in an outright grant of benefits, results in fees. And I guess that seems unusual to me as a way to think about substantial justification. Well, I think that it's rooted in the – in Hensley, the Supreme Court's decision, in which the Court made it clear that in these types – in any type of case, but certainly included – it's ultimately been applied by the Ninth Circuit to include this type of case. It's basically one case, one claim with many issues. And you don't have to prevail on every issue to prevail. And in the same – by the same token – go ahead. But the Jean case, which is an EJIA case about substantial justification, I mean, none of this has been briefed in this case, but it does say that there is one determination of substantial justification for the entire case. That's correct. And the reason it makes sense in Social Security is if you were to do it the other way around, there's probably 80 percent of the cases that are brought in court, the claimant only prevails on one issue. They don't prevail on the other seven issues or four issues or two issues. Or they might prevail on two. But the oddity is that because of the additional fact that you can prevail on this case, you don't eventually get benefits. What you won on might not end up mattering to whether you get benefits, right? Well, it doesn't automatically lead to benefits, but it gives you a chance to get benefits. Well, exactly. So it's a particularly peculiar situation in which you are being said to have substantial – the government was not substantially justified as to this appeal, although we're not saying they weren't ultimately substantially justified in their benefit determination. Well, if we had to parse through the various issues in every case, I think that would just create a nightmare of never being able to have any kind of clear or clean line on why – whether or not the government is substantially justified. It'll – if – Do you want to tell us in very short order why you think that the government was not substantially justified as to these two doctors? That's all we're talking about, right? Well, in this case, they were not substantially justified because there were these two psychological evaluations, and the ALJ rejected them out of hand. And they were very strong. There was some very strong language in those evaluations that showed that – and one of the psychologists saying this was the most depressed person I think I've ever seen. It was very powerful language in the evaluations, and the ALJ rejected them out of hand, and she didn't – And I think in both instances that they – that the – I mean, the district court found that the ALJ made mistakes, just factual mistakes, as to each of them. Is that right? Well, I mean, in one instance, he said they – she didn't – she didn't validate her studies, and the other one, he said he didn't do an objective test when he did. So there were factual mistakes. Is that right? Well, there were factual mistakes with both of them, but the – the overall – there were many reasons provided, and none of them could withstand careful scrutiny, and that's why this case was reversed. So I just want to understand how we're – in your view, how we're supposed to look at this and why the – you claim the district court abused its discretion here. Here, the case was originally heard by this panel, and we affirmed in part in reverse and reversed in part. I think we affirmed based on the adverse credibility. On that issue, that's correct. Yes. Okay. So – and then we reversed on how the ALJ – that there was not substantial evidence to support its decision regarding these two experts in question, which later tainted the vocational expert. Is that correct? That is correct. All right. So it goes back for attorney's fees, looking at our case law, Meyer, Campbell, there's a bunch of them, Thanga Haraha, and it says we're supposed to look at whether the government's – the commissioner's underlying position is not substantially justified. We look at that first, and then we get to the government's litigating position. Is that correct? That is correct. And so do we look at it in both – just looking at the expert decision, or do we look at it as a whole, including the adverse credibility determination? And either way, does that matter here for your client? Well, it does matter here for my client. I think that under Ninth Circuit law, and I think it makes sense, we look at the issues that were the reason for the – Remand. For the remand. And in this case, that issue is – was clearly a huge mistake. No substantial evidence to support the ALJ's decision. So I guess in your view, do we get to the government's litigating position? I don't think we really do in this case. I don't think we have to. Let's look at the government's position or decision here, the ALJ's decision. The ALJ's decision is the real issue here, because the ALJ's decision was lacking in substantial evidence to support it, and it was based on legal error, improper legal standards. And I think I'm out of time. Okay. Thank you very much. We'll give you some time in rebuttal. Thank you. Yes, sir. Good afternoon. May it please the Court. Jeff Staples here on behalf of the Commissioner. We ask that you affirm the district court's order denying fees because there was no abuse of discretion here. Well, the district court essentially said there was no abuse of discretion because I found that there was substantial evidence, and so I'm a reasonable person, and therefore, there was substantial justification. Is that basically what he said? Yes. The court relied on its own finding of substantial evidence, which this Court has repeatedly found to be a reasonable consideration in the AGIA contest. I guess what's the authority? Because I didn't see that the court cited any authority after it's sort of, I thought they disagreed with me, but I thought there was, so therefore, I'm reasonable, so therefore, it's reasonable. He didn't cite any case law at that point. And I'm just trying to figure out how is that not an abuse of discretion? And, you know, what's your authority on that's all he did? It seems like he went right to the litigating position without reviewing the first prong under Meyer and some of our other cases. So I'm trying to figure out what's your theory. Well, I think it's important to realize that when the district court affirms the ALJ's decision, that says something about both. Okay. What case are you talking about that says that he can say because I'm a reasonable person, therefore, there's substantial evidence? In Meyer, this Court held that a court may reasonably consider a district court affirmance. Yeah. But you have to do the proper analysis under Meyer. It says we have to first look at the government's position, the ALJ, which looks like it's the ALJ's decision in this case. Even if you may not even get to the government's litigating position, which then goes into a reasonable determination. So how do you deal with that first prong and what's your best argument as to why, you know, the district court didn't abuse its discretion when he didn't even discuss that? So when a district court affirms, so this is the district court's merits affirmance, that is an affirmance of both the ALJ's decision, that being the government's underlying action, that's the first prong, but it also says that the commissioner's litigation position, that being the second prong, is also. That's not what the district court said, but I'm trying to understand if you are looking at cases, say, at least from my view of Meyer and some of these other cases, looks like it's sort of a two-pronged approach and we don't even get to the government's reasonable litigating position if we determine that the decision of the government's position is not substantially justified. And then from looking at it, it says that's supposed to be the unusual case when that happens. So give me your best response to that. So let me back up on Meyer for a little bit. Sure. Meyer, the district court had abused its discretion because it treated the ALJ's decision as indicia of reasonableness. It was the district court had applied a circular logic. But that's the second part. But the first part is Meyer looked at the underlying agency conduct before it got to the litigation position, and that's what Judge McGee is asking you. How is the district court's determination relevant to our looking at the underlying agency conduct and sustaining a non-substantial, non-lack of substantial justification except in unusual cases? What that amounts to is why is this an unusual case? So I'm just going to look at the first part of your question and then I'll come to unusual. So the district court's affirmance, that addresses, that gets to the reasonableness of the underlying agency conduct. That's not what Meyer said. On the contrary, Your Honor, Meyer says that courts may consider the Commissioner's success. As to the reasonableness of the litigation conduct, i.e., to defending. I think Meyer is talking about that that is indicia of. But there are two headings in Meyer. A, underlying agency conduct. B, litigation position. Because the government's underlying position was not substantially justified and we need not to address whether the government's litigation position was justified. Then they go on and they say the district court concluded that the government's position was substantially justified because the government prevailed at the administrative and district court level. So it's in that context that it says that, but under A, it doesn't say that. I guess I interpreted it's at, I'm at 873. It's the very last paragraph before their conclusion. Under B, right? Yes, but this is where they conclude that the problem was. Under A, what they were saying, they went into so much detail about why the ALJ's decision is the underlying agency conduct, because the district court had treated that as a separate indicia of reasonableness. And that's where the district court erred in Meyer. But this court also said that it was reasonable, it would be reasonable for a district court to consider, or any court reviewing the substantial justification question, to consider the, when the ALJ's decision prevails in district court. And that comports with this court's holding in Bay Area Peace Navy v. United States, which says that a dissent from a member of a panel can also indicate reasonableness of the government's position. So do we look at whether we think it was a close question? In other words, if we thought it was really obvious that there was not substantial evidence, or if we struggled with that, does that matter? I would say- How can we decide? Yes, Your Honor, it does matter. These merits issues are not like math questions where there's one right answer and everything else is flat wrong. We're talking about degrees of reasonableness here, and when one Federal judge comes to one conclusion on the weight of the evidence, and another or a panel of judges comes to a different conclusion, that says something about the reasonableness. Doesn't that amount to the fact that you're never going to be able to prove lack of substantial justification in a Social Security case because they're always, in the court of appeals, because there are always reversals? In other words, the government doesn't appeal in the Social Security cases. So commend the Court. And I think if that's true, then I think it's not a matter of whether or not you appeal in a case where there's no appeal, or if it's not a matter of whether or not you appeal in a case where that's mostly true, yes. Right, right. And so in just about every case, we have a reversal of a district court if the claimant prevails. So you're saying that in just about every case there are no fiends. But no, Your Honor, you're not talking about just about every case here. But you are saying that in just about every case in which there is an appeal and a reversal, the government was substantially justified, even though our cases seem to say the opposite. They say when even though what we found was that there was no substantial evidence, and there's cases saying that when we find no substantial evidence, there has to be an unusual case to prove that there was substantial justification. So we have things going in completely opposite directions. Well, I respectfully disagree, because I think that the case that you're talking about is a decidedly unusual case. It's not decidedly unusual for this Court, because this Court only knows the cases that it sees. But the cases that this Court sees is a small subset of the disability appeals. But you are essentially saying it is correct that in essentially any case in which we have a reversal of a district court, the government was substantially justified. All I'm saying is that it's reasonable for a district court to consider an affirmance from a Federal judge that the commissioner receives. And what about us? I mean, most of the time the fees issues come to us in most instances. So presumably the cases shouldn't come out differently, depending on whether it's a district court or the court of appeals that decides the substantial justification question. Well, and that's another question. Whether this panel would make a different call on the substantial justification is not the question that's being asked today. The question today is abuse of discretion. Did the district court unreasonably deny fees? By arguing your position, you're saying, well, then there should be forum shopping in terms of where these Petitioners go for their attorneys' fees. I'm not sure that makes sense. And normally, I mean, it seems like prevailing parties, and this seems to overlap on who has the prevailing parties, and generally prevailing parties win attorneys' fees. And I guess, what's your best case as to why you think you win here today? Why the district court did not abuse its discretion here? What's your best case? Pierce v. Underwood is the United States Supreme Court case that says that disagreement among federal courts is objective indicia of reasonableness. But that goes to the government's litigating position, doesn't it? I don't think that it's limited to that, Your Honor. No, because when the district court and when this court, when any court rules on an ALJ's decision, it says something about that's the underlying conduct that the court is affirming or reversing. It's not just we don't agree with your litigation position. It's we don't agree with the decision that you made and that you're now defending. It seems like Meyer took painstakingly, you know, concerted effort to say, hey, social security cases, you know, seems like people have been just jumping to whether or not the litigating position was reasonable, and that's really not what we're supposed to do. We're supposed to first look and see what the government's position was or the ALJ's, I guess, decision was, and determine whether that was substantially justified and only in unusual cases will it not be. And just at least that's how I'm reading it, but I wanted to hear your best, you know, response because it seems like that's significant to your case. So I see I'm out of time. May I respond to this? So the problem in Meyer, the reason that, as I read the case, the reason that this why the ALJ decision is the underlying agency action and why you have to be substantially justified at both points is because the district court in Meyer had treated the ALJ's decision as supportive of the commissioner's litigation position. So because the ALJ found this person was not entitled to benefits, that that is another way of showing that the commissioner's position is substantially justified, and that was wrong. You can't look at the ALJ's decision and say, oh, the ALJ denied this person's disability application, so the commissioner, that supports the commissioner's litigation position. That's why at the very end of Meyer, it distinguishes. It says the district court cannot consider the ALJ's decision when deciding the question of substantial justification, but it can consider a district court affirmance, because that isn't part of, that's not one of the things that has to be substantially justified. I'm sorry if I'm not making this any more clear, but if there's any more questions, I'm happy to answer them. I hope I've made it a little clearer. Thank you. Thank you. Thank you. I'll give you a minute for rebuttal. I don't think you had a minute left, but you now have a minute. I have a question, which may persuade my colleagues to give you a little more time. When we are looking at the ALJ's decision, and whether it was substantially justified, which is this first prong that we've been talking about, one of the reasons that the ALJ gave to discount the opinions of those two doctors was that they had relied on the complaints, which were not fully credible, and we upheld that adverse credibility finding. Even though we ultimately quarreled with the ALJ's conclusion about those two doctors' opinions, why isn't the fact that one of the reasons that the ALJ relied on, a reason that we blessed, why doesn't that make the government's position, even there, substantially justified? Well, I would point to Buck. I'm glad I sent that in, after all, because that makes it, does make it clear that psychologists always base their opinions to some extent on a person's subjective complaints, but not primarily on that. They mostly rely on their clinical findings, and the ALJ's finding in this case that she had, that the, that the psychologist had relied primarily on his complaints was flat-out wrong, dead wrong. The descriptions in their, of their clinical findings, their observations of just how bad he was doing, makes it abundantly clear that he, that's the main thing they were relying on, was what they saw through their testing and their clinical observations, not what he told them. And that would be the difference. If they, if they really had relied on what they, they had, she, he had told the psychologist, then your, your argument would be stronger. You're essentially saying that was another factual mistake, because it was a fairly small amount. I mean, there was not much in her report about what he told her. Most of it was about what he looked like and how he talked and... That was, I think, the powerful evidence here is obviously going to be what, what, what they saw rather than what he said. But I did want to turn back to what you said before about the, the issue on the, the different, when you've got all of these issues that are raised, the, the, the Court of Appeals has to bear in mind that in district court, an attorney must raise every viable issue or, or it's waived. And so I have, and I will continue to, even in a case such as this, where there are admittedly some, some credibility issues. I don't agree with the analysis on that, but there are some issues. I will continue to raise that, even in such cases, because there's, it's usually used as a, as an excuse to throw the baby out with the bath water, to just, just to take everything and throw it away. And it doesn't really make sense. And honestly, SSR 16-3P has discarded that for that reason, because it was being used as an excuse. I'm sorry. Who has discarded it? The, the, the idea of credibility, overall credibility, and the idea of being able to find one thing that's wrong in what the person says or one inconsistency and use that to discard all of their testimony. That's what we do every day in immigration cases, whether rightly or wrongly. In my view, wrongly, but we do it all the time. Anyway, your time is up. Okay. Thank you very much. Thank you. The case of Craig v. Berryhill is submitted, and we are adjourned. Thank you. All rise. Support for this session stands adjourned.
judges: Graber, Berzon, Murguia